STATE OF CONNECTICUT *v.* FRANK NERKOWSKI, JR.

BOGDANSKI, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued May 4—decision released June 30, 1981

*Vito A. Castignoli,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Edward Caldwell,* assistant state's attorney, for the appellee (state).

ARTHUR H. HEALEY, J.   The defendant was convicted after a trial to a jury of assault in the second degree, in violation of General Statutes § 53a-60 (a) (2).[1]  Upon denial of his motions for judgment of acquittal,[2] the defendant has appealed,[3] claiming: (1) that the court erred in its charge to the jury, and (2) that there was insufficient evidence presented to find the defendant guilty beyond a reasonable doubt.

From the evidence presented at trial, the jury could have reasonably found the following facts: On the night of July 21, 1978, Keith Kopeck entered a bar known as Partners II in Bridgeport.  The barroom was dark and there were approximately fifteen to twenty people present.  After ordering a beer and talking with several friends, Kopeck entered the dining room adjacent to the barroom. He saw the defendant, whom he had seen in the same bar once or twice previously, enter the bar with about four of his own friends.

---

[1] General Statutes § 53a-60 (a) (2) provides: "A person is guilty of assault in the second degree when: . . . (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument."

[2] The defendant moved for a judgment of acquittal at the end of the state's case, at the end of the defendant's case, and after the jury verdict.

[3] Pursuant to Section 1068 of the Practice Book, this matter was transferred to this court from the Appellate Session of the Superior Court.

A short time had passed when the defendant approached Kopeck and asked him if he had been present the night when someone had tried to run the defendant down with a car. In response to Kopeck's negative answer, the defendant replied, "Well, I think you were. . . . I will be back."

The defendant left Kopeck's company, but a few minutes later the defendant returned, tapped Kopeck on the shoulder and, as Kopeck was turning towards the defendant, punched Kopeck in the face. The force of the blow knocked Kopeck over a table. Once he got up, the defendant hit him on the back with a chair, causing Kopeck to fall again.

As Kopeck lay on the floor, the defendant struck him in the head with the leg of a chair. Other patrons of the bar then joined the fracas, and the victim received more blows, not all of which were delivered by the defendant. The whole incident ended quickly and caused much confusion. The defendant's blow to Kopeck's head with the chair leg caused two lacerations on Kopeck's scalp which required sixteen stitches to close.

The defendant makes two major claims of error. First, he contends that the court erred in its charge to the jury in three respects. Specifically, he argues: (1) that the court failed to instruct the jury, as the defendant had requested, concerning the possible fallibility of the victim's eyewitness identification; (2) that the court's reinstruction of the jury, in correction of an earlier charge, was unfair and prejudicial; and (3) that, in the court's description of a "dangerous instrument" under General Statutes § 53a-60, the comparison of a "chair leg" to a "baseball bat" was unfair and effectively preempted the issue from jury consideration.

Although the defendant has claimed error in the trial court's charge, the defendant has not included in his brief his requested charge, the relevant portions of the charge as given to which he excepted, or the relevant exceptions to the charge as given. Practice Book § 3060F (c) (1) provides: "In a jury case when error is claimed in the trial court's refusal to charge as requested, the party claiming such error shall request the clerk of the trial court to include, in the certified file, copies of the relevant written request to charge contained in the trial court's file and shall print in his brief a verbatim statement of the relevant portions of the charge as requested and as given by the court and any relevant exceptions to the charge as given and shall print in narrative form any evidence which he claims would entitle him to the charge as requested, with appropriate references to the page or pages of the transcript."

Section 3060F (c) (2) states: "When error is claimed in the charge to the jury, the brief shall include a verbatim statement of all relevant portions of the charge and all relevant exceptions to the charge. Evidence relevant to the claimed error shall be printed in narrative form with appropriate references to the page or pages of the transcript." Because of the defendant's failure to follow even the bare requirements of this rule, we are unable to review his claims directed to the court's charge. See *Conte* v. *Dwan Lincoln-Mercury, Inc.,* 172 Conn. 112, 119, 374 A.2d 144 (1976).[4]

---

[4] In *Conte* v. *Dwan Lincoln-Mercury, Inc.,* 172 Conn. 112, 119, 374 A.2d 144 (1976), the appellant claimed error in the court's instructions to the jury, but he did not comply with the Practice Book provision requiring that, when such error is claimed, the brief of the appellant "shall include not only a verbatim statement of

The defendant also claims that the trial court erred in denying his motions for judgment of acquittal in that the state failed to meet the burden of proving beyond a reasonable doubt every element of the crime charged. Specifically, the defendant claims that a reasonable doubt exists as to whether the victim could have identified the defendant as his assailant in light of the confusion which existed once the brawl became a "free-for-all."

We have recently, once again, stated the appropriate test to determine whether the evidence presented is sufficient to sustain a verdict. " ' "[T]he issue is whether the jury could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt

all relevant portions of the charge but also all relevant exceptions to the charge. Practice Book § 631A (c) (2) [now § 3060F (c) (2)]." In *Conte,* we pointed out that "[u]nder the circumstances, we assume that the instructions were correct." *Conte* v. *Dwan Lincoln-Mercury, Inc.,* supra, 119, citing *State* v. *Grayton,* 163 Conn. 104, 114, 302 A.2d 246, cert. denied, 409 U.S. 1045, 93 S. Ct. 542, 34 L. Ed. 2d 495 (1972).

Four days after oral argument before us, the defendant filed his requested charge with this court. His briefs, however, still lack "a verbatim statement of the relevant portions of the charge . . . as given by the court and any relevant exceptions to the charge as given." Practice Book § 3060F (c) (1). The only portion of the charge as actually given by the court which appears before us in the record is in the state's brief. To the extent that we can review the defendant's claim, we find no error. We also note that with respect to the defendant's other two claims of error regarding the jury charge, the fact that the judge, upon a question from the jury, properly reinstructed them, and the mere fact that the judge compared the leg of a chair to a baseball bat, without more, hardly seems to provide us with a basis for finding reversible error. From what is properly before us, the judge's "baseball bat" comment left the jury free to decide the factual issues and was not improper under the circumstances. See *State* v. *Williams,* 169 Conn. 322, 336, 363 A.2d 72 (1975).

. . . .'' ' *State* v. *Gaynor,* 182 Conn. 501, 503, 438 A.2d 479(1980), quoting *State* v. *Festo,* 181 Conn. 254, 259, 435 A.2d 38 (1980) ; *State* v. *Nemeth,* 182 Conn. 403, 410, 438 A.2d 120 (1980) ; *State* v. *Saracino,* 178 Conn. 416, 419, 423 A.2d 102 (1979) ; *State* v. *Jackson,* 176 Conn. 257, 262, 407 A.2d 948 (1978). 'In ruling on such a motion, the evidence presented at the trial must be given a construction most favorable to sustaining the jury's verdict.' *State* v. *Jackson,* supra, 262; see *State* v. *Nemeth,* supra; *State* v. *Chetcuti,* 173 Conn. 165, 172, 377 A.2d 263 (1977). Each essential element of the crime charged must be established by proof beyond a reasonable doubt, ' "and although it is within the province of the jury to draw reasonable, logical inferences from the facts proven, they may not resort to speculation and conjecture." ' *State* v. *Gaynor,* supra, 503; *State* v. *Festo,* supra, 259." *State* v. *Stankowski,* 184 Conn. 121, 126, 439 A.2d 918 (1981).

The state's only witness was the victim himself.[5] He testified that he had observed the defendant in that same bar once or twice before. The victim spoke briefly with the defendant that night and later was punched in the face by the defendant. Kopeck also testified that while he was lying on the floor, there was "no question" that it was the defendant who struck him with a chair leg. From

---

[5] The defendant has attempted to attach some significance to the fact that the victim was the only witness for the state. It is of no consequence that the victim was the only witness to identify the defendant as his assailant. "It is not uncommon for an accused to be found guilty upon identification by only the complaining witness, and 'it is not the law that corroboration is essential to the proof of guilt.' *State* v. *Chuchelow,* 131 Conn. 82, 83, 37 A.2d 689 [1944]. The issue is not to be determined 'solely by counting the witnesses on one side or the other' . . . ." *State* v. *Hodge,* 153 Conn. 564, 573, 219 A.2d 367 (1966).

this evidence, it was not unreasonable for the jury to conclude that the defendant committed the assault in question.

There is no error.

In this opinion the other judges concurred.