STATE OF CONNECTICUT *v.* CARLTON NELSON

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1251

Argued May 20 – decided June 4, 1982

*Mark H. Swerdloff,* for the appellant (defendant).

*Dennis O'Connor,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant was tried before the court and convicted of possession of a controlled substance (marihuana) in violation of General Statutes § 19-481 (c), and conspiring to violate the state narcotics laws in violation of General Statutes § 53a-48. The charges arose from an incident which occurred on July 16, 1981.

The salient facts may be summarized as follows: Responding to a tip from a reliable informant, four officers from the Hartford Police Department established a telescopic surveillance of a section of Keney Park wherein the defendant and a young woman were purportedly selling bags of marihuana. The officers testified that they observed the defendant and the woman make several sales of what appeared to be bags of marihuana taken from an adjacent wooded area. Subsequently, they observed a vehicle drive up to the defendant whereupon the woman retrieved a brown paper bag from the wooded area and gave it to the defendant who put it in the trunk of the vehicle. The defendant and the woman then got in the car and it was driven away. Shortly thereafter, two other officers who were nearby pulled the vehicle over upon instructions radioed by the surveillance team, who then arrived at the scene and arrested the defendant along with the others. Thereafter, one of the observing officers opened the trunk of the car and found the brown paper bag previously seen to have been placed therein. A test disclosed that the bag contained 3.1 ounces of marihuana.

During the course of the trial, there was inconsistent testimony by the officers regarding the size of the brown paper bag, the number of bags of marihuana found therein, their distance from the defendant and the number of transactions which took place.

The sole issue raised by the defendant on appeal is that the testimony of the state's witnesses was so inconsistent that the court erred in finding that the defendant was guilty beyond a reasonable doubt of the crimes charged.

The test to determine whether the evidence presented is sufficient to sustain the trial court's finding is whether the trier of fact could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the finding of guilt beyond a reasonable doubt. *State* v. *Nerkowski,* 184 Conn. 520, 524–25, 440 A.2d 195 (1981); *State* v. *Durepo,* 37 Conn. Sup. 901, 906, 443 A.2d 493 (1982). Discrepancies in the testimony of witnesses are for the trier of fact to resolve and we will not disturb his findings unless there is insufficient evidence to support them. See *State* v. *Gaynor,* 182 Conn. 501, 504–505, 438 A.2d 749 (1980).

With these principles in mind we have reviewed the transcript and have concluded that the trial court's finding of guilt beyond a reasonable doubt is amply supported by the evidence.

There is no error.

DALY, BIELUCH and COVELLO, Js., participated in this decision.