STATE OF CONNECTICUT *v.* HYMAN KRAMER

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1283

Argued September 21—decided October 15, 1982

*Hyman Kramer,* pro se, the appellant (defendant).

*John C. Smriga,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant has appealed from his conviction of passing on the right in violation of General Statutes § 14-233.[1]

---

[1] "[General Statutes] Sec. 14-233. PASSING ON RIGHT. The driver of a vehicle may overtake and pass upon the right of another vehicle only when conditions permit such movement in safety and under the following conditions: (1) When the vehicle overtaken is making or has signified the intention to make a left turn; (2) when lines of vehicles traveling in the same direction in adjoining traffic lanes have come to a stop or have reduced their speed; (3) upon a one-way street free from obstructions and of sufficient width for two or more lines of moving vehicles; (4) upon a limited ac-

The sole issue raised by the defendant is that the evidence was insufficient to sustain the court's finding that the defendant was guilty beyond a reasonable doubt. The gravamen of his claim is that the testimony of the state's only witness, the arresting officer, was inconsistent and therefore not credible.

"The test to determine whether the evidence presented is sufficient to sustain the trial court's finding is whether the trier of fact could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the finding of guilt beyond a reasonable doubt. *State* v. *Nerkowski,* 184 Conn. 520, 524–25, 440 A.2d 195 (1981); *State* v. *Durepo,* 37 Conn. Sup. 901, 906, 443 A.2d 493 (1982). Discrepancies in the testimony of witnesses are for the trier of fact to resolve and we will not disturb his findings unless there is insufficient evidence to support them. See *State* v. *Gaynor,* 182 Conn. 501, 503–504, 438 A.2d 749 (1980)." *State* v. *Nelson,* 38 Conn. Sup. 374, 376, 448 A.2d 219 (1982).

Examination of the record and the transcript discloses ample evidence from which the court could find beyond a reasonable doubt that on October 31, 1981, on Elm Street in Stamford, the defendant passed a police cruiser on the right; and moreover, that his conduct in doing so did not fall within any of the exceptions enumerated in General Statutes § 14-233.

There is no error.

DALY, COVELLO and F. HENNESSY, Js., participated in this decision.

---

cess highway or parkway free from obstructions with three or more lanes provided for traffic in one direction. Such movement shall not be made by driving off the pavement or main-traveled portion of the highway except where lane designations, signs, signals or markings provide for such movement. Violation of any provision of this section shall be an infraction."