The defendant has appealed from his conviction of passing on the right in violation of General Statutes14-233.[1] *Page 483 
The sole issue raised by the defendant is that the evidence was insufficient to sustain the court's finding that the defendant was guilty beyond a reasonable doubt. The gravamen of his claim is that the testimony of the state's only witness, the arresting officer, was inconsistent and therefore not credible.
"The test to determine whether the evidence presented is sufficient to sustain the trial court's finding is whether the trier of fact could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the finding of guilt beyond a reasonable doubt. State v. Nerkowski, 184 Conn. 520,524-25, 440 A.2d 195 (1981); State v. Durepo,37 Conn. Sup. 901, 906, 443 A.2d 493 (1982). Discrepancies in the testimony of witnesses are for the trier of fact to resolve and we will not disturb his findings unless there is insufficient evidence to support them. See State v. Gaynor,182 Conn. 501, 503-504, 438 A.2d 749 (1980)." State v. Nelson, 38 Conn. Sup. 374, 376, 448 A.2d 219 (1982).
Examination of the record and the transcript discloses ample evidence from which the court could find beyond a reasonable doubt that on October 31, 1981, on Elm Street in Stamford, the defendant passed a police cruiser on the right; and moreover, that his conduct in doing so did not fall within any of the exceptions enumerated in General Statutes 14-233.
 There is no error.
DALY, COVELLO and F. HENNESSY, Js., participated in this decision.