## STATE OF CONNECTICUT *v.* CLARENCE GLENN
### (AC 16519)

O'Connell, C. J., and Schaller and Shea, Js.

Argued December 9, 1997—officially released February 17, 1998

*Theresa M. Dalton*, assistant public defender, with whom, on the brief, was *Sharon Elias*, assistant public defender, for the appellant (defendant).

*Ronald G. Weller*, assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's

attorney, and *Eva Lenczewski*, assistant state's attorney, for the appellee (state).

O'CONNELL, C. J. The defendant appeals from the judgment of conviction, following a conditional plea of nolo contendere, of possession of narcotics with intent to sell in violation of General Statutes § 21a-278. The defendant claims that the trial court improperly denied his motion to suppress evidence, including his request for a *Franks* hearing. See *Franks* v. *Delaware*, 438 U.S. 154, 155–56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). We affirm the judgment of the trial court.

In response to a warrant application filed by Waterbury police, a search warrant was issued for the defendant's residence, a second floor apartment at 44 Burton Street. In the affidavit supporting the warrant application, the affiants, two police officers, alleged that they had probable cause to believe that there were narcotics at that location. A search warrant was issued by a judge of the Superior Court and executed by the police. During the search, the officers seized narcotics, money and drug paraphernalia. The officers arrested the defendant, who subsequently filed a motion to suppress the seized evidence, which motion included a request for a *Franks* hearing. When the trial court denied that motion, the defendant entered a conditional plea of nolo contendere, pursuant to General Statutes § 54-94a and Practice Book § 4003, to an information charging him with possession of narcotics with intent to sell in violation of General Statutes § 21a-278 (a).

I

The defendant's claim is based on subfacial challenges to the veracity and integrity of the affidavit supporting the search warrant. The United States Supreme Court has established that the fourth and fourteenth

amendments to the United States constitution confer on a criminal defendant the right to challenge the veracity of factual statements made in an affidavit supporting a warrant. *Franks* v. *Delaware,* supra, 438 U.S. 172.

" '[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.' " *State* v. *Stepney,* 191 Conn. 233, 237–38, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984).

The defendant has the difficult burden of making a substantial preliminary showing that the factual assertions in the supporting affidavit were known to be false or were made with reckless disregard for the truth. *Franks* v. *Delaware,* supra, 438 U.S. 171; *State* v. *Telesca,* 199 Conn. 591, 606, 508 A.2d 1367 (1986). To qualify for a *Franks* hearing, the defendant's attack must be more than conclusory. *Franks* v. *Delaware,* supra, 171. Allegations of deliberate falsehood or of reckless disregard for the truth must be accompanied by an offer of proof. Id.

The defendant targets paragraphs two and three of the warrant affidavit. His offer of proof raises an alibi defense that he was out of town during the events set

forth in those paragraphs. He claims, therefore, that the allegations in those paragraphs are false. The defendant's argument is flawed as to both paragraphs.

Paragraph two states that "an investigation was initiated on a black male known as Clarence Glenn at the rear of 44 Burton St., 2nd floor garage apartment . . . based upon information received that crack cocaine was being sold from that location . . . [and] during the past few days the affiants conducted several surveillances on said location . . . [and] observed several known narcotics abusers enter said location and leave after a brief period of time. . . ." The defendant maintains that this information was false because he was out of town during this surveillance. The affiants do not state, however, that they personally observed the defendant at his residence during the surveillance. Thus, the defendant has failed to show that the affiants included false statements in paragraph two of the affidavit.

Furthermore, even without paragraph two of the affidavit, paragraph three alone is sufficient to support a finding of probable cause and a denial of the defendant's request for a *Franks* hearing. *Franks* v. *Delaware*, supra, 438 U.S. 171–72; *State* v. *Bergin*, 214 Conn. 657, 666, 574 A.2d 164 (1990).

Paragraph three of the affidavit asserts that "within the past few days, the affiants met with a known, confidential and reliable informant . . . [who] agreed to make a controlled narcotics buy from a black male known as Clarence Glenn at the rear of Burton St., 2nd floor garage apartment. . . . The informant was dropped off and . . . was observed walking directly to the rear of 44 Burton St., garage apartment. . . . The informant . . . returned directly back to the affiants [and] . . . turned over . . . a quantity of a white rocklike substance. Said informant stated that the . . . substance was purchased from a black male known as

Clarence Glenn at the rear of 44 Burton St., 2nd floor garage apartment. . . . The quantity of white rock-like substance did show a positive reaction for cocaine."

The defendant again maintains that this information is false because he was out of town when these events allegedly took place. Even if the defendant was able to prove this alibi, the only part of paragraph three that it falsifies is the informant's identification of the person who sold the drugs to the informant. The officers did not witness the controlled buy, but relied on the information provided by a reliable informant they observed entering the defendant's residence with cash and leaving the defendant's residence with cocaine. Even assuming that the informant was lying, the defendant has not made a showing that the officers knew or had reason to believe that the informant was lying. Such a showing is required in order to obtain a *Franks* hearing. *State* v. *Morrill*, 205 Conn. 560, 571, 534 A.2d 1165 (1987).

The deliberate falsity or reckless disregard for the truth that warrants impeachment under *Franks* is only that of the affiant, not of any nongovernmental informant. *Franks* v. *Delaware*, supra, 438 U.S. 171; *State* v. *Morrill*, supra, 205 Conn. 569. Thus, the defendant has failed to show that the affiants intentionally, knowingly or with reckless disregard for the truth made false statements in paragraph three of the search warrant affidavit.

The defendant further contends that the affiants intentionally omitted material information regarding "the unique physical setup of the location under surveillance." Material omissions from a warrant affidavit fall within the *Franks* rule. *State* v. *Bergin*, supra, 214 Conn. 666. The defendant seems to be claiming that the affiants could not have observed anyone entering and leaving the address in question because their view was

obstructed. This allegation is merely conclusory and therefore fails to mandate an evidentiary hearing. See *Franks* v. *Delaware,* supra, 438 U.S. 171; *State* v. *Morrill,* supra, 205 Conn. 569–70. The defendant submitted no "[a]ffidavits or sworn or otherwise reliable statements" to support this allegation. *Franks* v. *Delaware,* supra, 171. Thus, the defendant failed to provide an offer of proof of a material omission sufficient to establish his right to a *Franks* hearing. Id.

We conclude that the trial court properly denied the defendant's claim under the fourth and fourteenth amendments to the United States constitution.

II

In the event that his argument under the United States constitution fails, the defendant urges us to reject a *Franks* analysis and to adopt a stricter standard under the Connecticut constitution. He asks us to hold that under article first, § 7, of our state constitution, there is no need for the defendant to make a showing of either intentional dishonesty or reckless disregard for the truth by the affiant. Rather, the defendant contends that to be granted a hearing, he need show only that an informant gave materially false information to the affiants. We are not persuaded.

In the analysis of issues arising for the first time under our state constitution, our Supreme Court has identified six factors to be considered: (1) the text of the constitutional provision; (2) related Connecticut precedents; (3) federal precedents; (4) precedents of other state courts; (5) historical insights into the intent of our constitution; and (6) economic and sociological considerations. *State* v. *Ross,* 230 Conn. 183, 249, 646 A.2d 1318 (1994), cert. denied, 513 U.S. 1165, 115 S. Ct.

1133, 130 L. Ed. 2d 1095 (1995). A review of those factors fails to support the defendant's argument.

Article first, § 7, of the constitution of Connecticut provides that "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation." As our Supreme Court has noted, that provision is virtually identical to the fourth amendment to the United States constitution.[1] *Washington* v. *Meachum*, 238 Conn. 692, 719, 680 A.2d 262 (1996). The requirement of an "oath or affirmation" is aimed at preventing the inclusion of false statements in an affidavit supporting a search warrant application. Nothing in the text of article first, § 7, indicates that more is required than that the affiant in good faith believes the information in the affidavit to be true.

The relevant federal precedent, *Franks* v. *Delaware*, supra, 438 U.S. 171–72, as we have already discussed, holds contrary to the defendant's position. Moreover, the majority of other states that have considered this issue have adopted *Franks* under their respective state constitutions. See, e.g., *State* v. *Peightal*, 122 Idaho 5, 7, 830 P.2d 516 (1992); *Commonwealth* v. *Nine Hundred & Ninety-Two Dollars*, 383 Mass. 764, 770–71, 422 N.E.2d 767 (1981); *State* v. *Valenzuela*, 130 N.H. 175, 190–91, 536 A.2d 1252 (1987), cert. denied, 485 U.S. 1008, 108 S. Ct. 1474, 99 L. Ed. 2d 703 (1988); *People* v. *Bradley*, 181 App. Div. 2d 316, 318, 586 N.Y.S.2d 119, appeal

---

[1] The fourth amendment to the United States constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

dismissed, 81 N.Y.2d 760, 610 N.E.2d 394, 594 N.Y.S.2d 721 (1992); *Davis* v. *State*, 859 P.2d 89, 93 (Wyo. 1993).

Connecticut precedent also fails to support the defendant's argument. Prior to the *Franks* decision in 1978, Connecticut was one of eleven states that refused to allow a defendant to challenge the veracity of *any* information contained in a warrant affidavit. *Franks*. v. *Delaware*, supra, 438 U.S. 179–80; see *State* v. *Williams*, 170 Conn. 618, 368 A.2d 140, cert. denied, 429 U.S. 865, 97 S. Ct. 174, 50 L. Ed. 2d 145 (1976); *State* v. *Williams*, 169 Conn. 322, 326–27, 363 A.2d 72 (1975).

Connecticut case law subsequent to the *Franks* decision has not addressed the issue of whether *Franks* should be adopted under the state constitution. For the most part, the relevant cases simply apply the *Franks* analysis under the federal constitution. See, e.g., *State* v. *Bergin*, supra, 214 Conn. 666–73; *State* v. *Ruscoe*, 212 Conn. 223, 231–33, 563 A.2d 267 (1989), cert. denied, 493 U.S. 1084, 110 S. Ct. 1144, 107 L. Ed. 2d 1049 (1990); *State* v. *Morrill*, supra, 205 Conn. 569–72; see *State* v. *Durepo,* 37 Conn. Sup. 901, 903 n.2, 443 A.2d 493 (1982) (citing both fourth amendment and article first, § 7, of Connecticut constitution to support principles of *Franks* analysis).

With respect to historical insights into the intent of the state constitution, our Supreme Court has noted that there is "sparse preconstitutional and early constitutional history of article first, § 7 . . . ." *State* v. *Barton,* 219 Conn. 529, 538 n.4, 594 A.2d 917 (1991). The lack of historical guidance does not support the conclusion that our state constitution mandated stricter standards than the federal constitution. See id.

The final factor to consider is whether economic and sociological considerations indicate that a defendant

should be allowed to challenge the veracity of statements made by an informant in a search warrant affidavit. The defendant argues that the veracity of informants should be subject to challenge in order to preserve the integrity of the warrant issuing process. We do not agree.

The *Franks* decision enables defendants to challenge the veracity of the affiants, who are generally police officers. Pursuant to *Franks*, if a defendant establishes that an affiant made a false statement, whether intentionally or with reckless disregard for the truth, that statement must be removed from the affidavit and cannot be considered in determining whether probable cause exists. *State* v. *Stepney*, supra, 191 Conn. 237–38. That sanction furthers a primary purpose of the exclusionary rule: deterrence of police misconduct. *State* v. *Marsala*, 216 Conn. 150, 170, 579 A.2d 58 (1990). By deterring police from including false statements in warrant affidavits, the *Franks* decision adequately safeguards the integrity of the warrant issuing process.

The rule suggested by the defendant is not only unnecessary, but would place an undue burden on police to spend time and resources verifying information that they have no reason to think is inaccurate. Such a rule would delay police investigations, facilitate the destruction of evidence and impede the apprehension of suspects. Finally, the defendant's proposed rule would likely cause an increase in pretrial litigation, thereby placing an additional burden on an already over-burdened criminal trial calendar. See *State* v. *Anonymous (1973-6)*, 30 Conn. Sup. 211, 230, 309 A.2d 135 (1973).

Having considered the applicable factors, we conclude that the *Franks* analysis applies under our state

constitution when a defendant challenges the veracity of statements made in a warrant affidavit.

The judgment is affirmed.

In this opinion the other judges concurred.