[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (11/16/98)
On 12/16/98 at a preliminary hearing held pursuant to Franksv. Delaware, 438 U.S. 154 (1978), the defendant made an offer of proof that certain statements contained in a warrant application for the arrest of the defendant on assault charges constituted evidence of improper conduct by the police tainting the court's finding of probable cause. The defendant claims police statements in the application that the victim stated "he attempted to flee the interior of the club and was at this time shot" and "[t]he bullet entered his back on the left side and exited his chest area on the left side" were false statements included knowingly, or with reckless disregard for the truth. In support of this claim the defendant submitted a copy of what purports to be a (3) page hospital report which notes that the victim was found to have an entrance wound in the left upper chest with an exit wound in the left mid-back. The defendant claims that the police, in preparing the warrant application, intentionally or with reckless disregard for the truth omitted reference to the hospital report that appears to conflict with the statements contained in the warrant application as to the location of the entry and exit wounds.
As the state noted in argument the defendant's offer of the hospital report was not in the nature of an affidavit nor did the report include any information pertaining to the credentials of the author or the authenticity of the (3) page document, but, rather, consisted of a copy of a report entitled "Yale New Haven Hospital Operative Report."
Additionally, defendant's offer of proof neglected to provide any basis to conclude that the police, in preparing the application, acted to intentionally omit the information or with reckless regard for the truth since, though the application reflects that the police responded to the hospital for the purpose of conducting an interview with the alleged victim, there is no indication that the police reviewed the report.
Finally, even assuming such an impropriety on the part of the officers, the more accurate location of the entry and exit CT Page 15145 wound would not adversely effect the finding of probable cause. Whether the victim was shot from front to back or back to front, he still could have been in the process of fleeing the interior of the club as he allegedly claimed to police depending on the location and posture of the parties and the location of the exit to which the victim was fleeing. The defendant was identified as the shooter and even with the defendant's version as to the location of the wounds the warrant application included no information from which to infer a legitimate basis for the defendant's conduct. State v. Glenn, 47 Conn. App. 706, 708
(1998).
Defendant's motion to dismiss is Denied.
THE COURT
Roland Fasano, Judge