The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Antonio Guadalupe NUNEZ, Defendant-Appellee.

No. 82SA512.

Supreme Court of Colorado, En Banc.

Feb. 22, 1983.

---

Paul Q. Beacom, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Brighton, for plaintiff-appellant.

Karp, Goldstein & Stern, Kenneth H. Stern, Denver, for defendant-appellee.

DUBOFSKY, Justice.

In this interlocutory appeal under C.A.R. 4.1, the People seek reversal of the Adams County district court's order suppressing evidence seized during a search of the defendant's house. The suppression order was entered following the district attorney's refusal to disclose the identity of one of the confidential informants upon whose statements the affidavit in support of the search warrant was based, in part. We affirm the suppression order.

On November 7, 1981, police sergeant Don DeNovellis executed an affidavit for a search warrant before a Denver district court judge, who issued a warrant authorizing a search of two motor vehicles and a house at 8690 Norwich Street in Denver. The affidavit stated in part:

> On 11–7–81 your affiant received information from a previously reliable confidential informant, that the said previously reliable confidential informant was at the location of 8690 Norwich St. in the past 24 hours of that date (11–7–81) and observed Antonio "Pic" Nunez with a large amount of heroin in his possession. This previously reliable confidential informant further related that Mr. Nunez was in the process of cutting (diluting) the heroin and was also putting the heroin in balloon packages. Mr. Nunez told the previously reliable confidential informant that he had just returned from Mexico and had purchased five ounces of heroin while he was there, bringing the heroin across the Mexico-United States border himself. This previously reliable confidential informant is knowledgeable in the packaging and appearance of heroin and has admitted to your affiant that said informant has used heroin in the past. This previously reliable C.I. has been reliable on at least two occasions within the past 18 months, giving your affiant information involving narcotic activity, and resulting in the recovery of quantity of heroin.

Upon receiving the warrant, narcotics officers searched the house at 8690 Norwich Street and seized 9.6 grams of heroin from the defendant. Nunez was arrested and charged with one count of possession of heroin, a Schedule I controlled substance, in violation of section 18–18–105, C.R.S. 1973 (1978 Repl.Vol. 8, 1982 Supp.).

The defendant filed motions to suppress and for disclosure of confidential informants. No supporting affidavit accompanied either motion. At the motions hearing, the district court granted the defendant's oral motion to amend the motion to suppress and to present an offer of proof in lieu of the supporting affidavits required by *People v. Dailey,* 639 P.2d 1068 (Colo.1982). The district attorney stated that while he preferred that the affidavits be filed, he would consent to the presentation of the offer of proof in their stead. The court then took testimony on Nunez' veracity challenge to the statements of the confidential informant.[1]

---

1. The defendant limited his challenge to that portion of the affidavit set out in text, *supra.*

The defendant testified that he had been on a hunting trip from October 31 until November 6, 1981, and that no one but family members had been in his house on November 6, the date that the confidential informant was supposed to have seen him cutting heroin. The defendant also stated that he had not been to Mexico nor told anyone that he had been to Mexico during the week of October 31 to November 6. Sergeant DeNovellis testified that his informant alleged that he or she had been at Nunez' house on November 6, had seen Nunez with heroin then, and had been told by Nunez about his recent return from Mexico. Given the conflict in testimony, the district court ordered the district attorney to disclose the identity of the confidential informant or face suppression of the evidence seized during the search. When the district attorney refused to divulge the identity of the informant, the court granted the defendant's motion to suppress.[2]

 The People argue that the disclosure of confidential informants is limited to situations in which the veracity of the affiant-police officer is successfully attacked. This contention misapprehends the holding of *People v. Dailey*. *Dailey* recognized that errors in an affidavit for a search warrant can result "from the informant's perjury or reckless disregard for the truth, or from the negligence or good faith mistake of either the officer or the informant." 639 P.2d at 1075. When, following a veracity hearing, the probability of one of those kinds of error has been found, the election of remedies or sanctions is left to the discretion of the district court. The necessary foundation for the court's exercise of discretion in ordering disclosure is a showing of a reasonable basis in fact to question the accuracy of the informant's recitals. *People v. Martinez*, 658 P.2d 260 at 262 (Colo.1983); *People v. Bueno*, 646 P.2d 931, 935–6 (Colo.1982).

Our result in this case follows from *People v. Martinez, supra.*[3] Where the district court has determined that the defendant has shown a good faith basis in fact to question the accuracy of an affidavit containing recitals based on information supplied by an unnamed informant and consequently has ordered that the informant be disclosed or be produced for an *in camera* hearing,[4] we will not disturb that ruling. When the People refused to disclose the identity of the informant, the district court properly suppressed the evidence seized during the search of the defendant's house.

The order of the district court is affirmed.

He specifically identified as untrue the allegations that a confidential informant had been at his house on November 6, 1981, and that he had told that person of his recent return from Mexico. The remainder of the affidavit contained the allegations of two other confidential informants, neither of whom specifically attested to having seen the defendant participate in any criminal activity.

2. The defendant argues that because suppression was ordered as a sanction for nondisclosure and was merely collateral to the disclosure issue, this court lacks jurisdiction to hear the People's interlocutory appeal under C.A.R. 4.1. A ruling granting a defendant's pre-trial motion to suppress is subject to interlocutory appeal under C.A.R. 4.1. The defendant's contention is controlled by our holding in *People v. Dailey, supra,* where we determined that an order granting the defendant's motion to disclose a confidential informant was "so intimately related" to the order suppressing evidence that it fell within the interlocutory appeal authorization of C.A.R. 4.1. 639 P.2d at 1076, n. 8.

3. We note that here, as in *Martinez,* the defendant failed to comply with the prerequisites of *People v. Dailey* for motions and affidavits filed to seek suppression of evidence seized under a challenged search warrant. The People acquiesced in the waiver of those prerequisites at the hearing, however, and do not raise the point on appeal.

4. The People did not request an *in camera* hearing at which the informant would be present for judicial interrogation in accordance with the guidelines in *Dailey, supra* at 1077, n. 11.