## State of Connecticut v. King Simmons
### (5165)

DUPONT, C. J., HULL and DALY, Js.

Argued February 11—decision released April 28, 1987

*Edward Pontacoloni,* for the appellant (defendant).

*Leah Hawley,* deputy assistant state's attorney, with whom, on the brief, were *James G. Clark* and *Jeremy Wingast,* assistant state's attorneys, for the appellee (state).

HULL, J. On September 5, 1985, officers of the Hartford police department obtained a warrant authorizing the search of the defendant, his home and his

automobile, and the seizure of contraband and evidence related to the possession and distribution of narcotics. On that same day, the search was conducted, and cocaine was found in the house. The cocaine, other drug paraphernalia, and a sum of money were seized, and the defendant was arrested and charged with illegally manufacturing, distributing, selling, prescribing or dispensing a controlled substance in violation of General Statutes § 21a-277 (c), and possession of a controlled substance in violation of General Statutes §§ 21a-278 (a) and 21a-279 (a) and (c).

The defendant pleaded not guilty and filed a motion to suppress,[1] alleging that the search and seizure were unconstitutional. He then moved under *Franks* v. *Delaware,* 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), for an evidentiary hearing to challenge the veracity of the affidavits supporting the warrant application. The motion was denied on the grounds that the defendant did not make the requisite "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and that "the allegedly false statement is necessary to the finding of probable cause . . . ." Id., 155–56.

The defendant subsequently filed a second motion to suppress, reasserting his *Franks* argument. That motion was also denied. The defendant then withdrew his not guilty pleas and pleaded nolo contendere to a charge of violating General Statutes § 21a-279 (a). At the same time, the defendant reserved his right of appeal under General Statutes § 54-94a.

The defendant's first argument is that the court erred in denying him an evidentiary hearing on his challenge to the truthfulness of the warrant affidavit. In *Franks*

---

[1] It appears from the record that the motion to suppress was never acted upon.

v. *Delaware,* supra, the United States Supreme Court held that, in certain limited circumstances, a defendant may go beyond the facial sufficiency of a warrant affidavit and challenge the veracity of the affiant's statement. *United States* v. *Figueroa,* 750 F.2d 232, 237 (2d Cir. 1984); *United States* v. *Chesher,* 678 F.2d 1353, 1360 (9th Cir. 1982). Before an evidentiary hearing is warranted, however, the defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and that "the allegedly false statement is necessary to the finding of probable cause." *Franks* v. *Delaware,* supra, 155–56; *State* v. *Telesca,* 199 Conn. 591, 604, 508 A.2d 1367 (1986); *State* v. *Stepney,* 191 Conn. 233, 237–38, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772, reh. denied, 466 U.S. 954, 104 S. Ct. 2163, 80 L. Ed. 2d 547 (1984). "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks* v. *Delaware,* supra, 171.

We find that the defendant is not entitled to an evidentiary hearing under *Franks* because he failed to make a substantial preliminary showing that the challenged statements were false and that the affiants falsified the statements deliberately. The defendant's offer of proof consisted exclusively of affidavits of him and

his girlfriend. The affidavits state only that the defendant did not sell narcotics to anyone during the week in question and that he and his girlfriend were not home during part of that week. Even if we accept all the statements made in the affidavits as true, the defendant's offer of proof fails to make any showing that the affiants deliberately lied or showed reckless disregard for the truth. At best, the affidavit shows that there were conflicting versions of events. Mere denials do not constitute a substantial preliminary showing as required by *Franks*. *United States* v. *Figueroa,* supra. We therefore hold that the defendant was not entitled to an evidentiary hearing under *Franks* v. *Delaware,* supra.

The defendant also claims that an evidentiary hearing is mandated by General Statutes § 54-33f. That statute provides in pertinent part: "A person aggrieved by search and seizure may move the court . . . for the return of the property and to suppress for use as evidence anything so obtained on the ground that . . . (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued . . . . (c) The court shall receive evidence on any issue of fact necessary to the decision of the motion."

The defendant claims specifically that "the warrant was issued without probable cause, that the grounds necessary for a probable cause finding were based on false information knowingly and intentionally, or else recklessly, included in the warrant application." The defendant admits that General Statutes § 54-33f has never before been held to allow an evidentiary hearing on a challenge to the veracity of a warrant affidavit. He argues, however, that he is entitled to an evidentiary hearing because General Statutes § 54-33a et seq. were enacted in deference to *Mapp* v. *Ohio,* 367 U.S. 643, 656, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, reh. denied, 368 U.S. 871, 82 S. Ct. 23, 7 L. Ed. 2d 72 (1961),

and "presumptively, they have the same purpose: to preserve inviolate the constitutional guarantees against unreasonable search and seizure; to compel governmental respect for the constitution by removing any incentive for its disregard; and to thereby insure that no person is convicted of a crime on the basis of unconstitutional evidence."

In *Mapp* v. *Ohio,* supra, 655, 660, the United States Supreme Court held that the fourth amendment right of privacy is enforceable against states through the due process clause of the fourteenth amendment. Id., 655, 660. On the basis of the fourth and fourteenth amendments and the derivative exclusionary rule made applicable to the states under *Mapp,* the United States Supreme Court held in *Franks* v. *Delaware,* supra, 154–56, 164, that, where a defendant makes a substantial preliminary showing that an affiant, knowingly or with reckless disregard for the truth, included a false statement in a warrant affidavit, an evidentiary hearing is required. Since that decision, Connecticut courts have followed the substantial preliminary showing standard enunciated in *Franks.* See, e.g., *State* v. *Telesca,* supra, 604; *State* v. *Delmonaco,* 194 Conn. 331, 334–35, 481 A.2d 40, cert denied, 469 U.S. 1036, 105 S. Ct. 511, 83 L. Ed. 2d 401 (1984); *State* v. *Stepney,* supra, 237–38.

The defendant, although purporting to base his claim on the principles set forth in *Mapp,* is in reality asking this court to abandon the standards adopted pursuant to *Mapp* and approved by Connecticut courts and to impose a standardless rule which would mandate an evidentiary hearing each time a defendant alleges that a warrant affidavit contains false allegations.

The United States Supreme Court in *Franks* v. *Delaware,* supra, 170, emphasized the need for a "sensible threshold." To avoid creating a rule which would make evidentiary hearings into an affiant's veracity common-

place, obtainable on a bare allegation of bad faith, it adopted the substantial preliminary showing standard. Id.; see also *United States* v. *Chesher,* supra, 1360. The Connecticut Supreme Court has adopted the *Franks* "sensible threshold" standard. Not only are we bound to accept precedent established by our Supreme Court, but conclude that the defendant has advanced no persuasive reason to abandon or vary the sound principles established by it.

There is no error.

In this opinion the other judges concurred.