[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS DATED APRIL 12, 2000
The defendant, Russell Peeler, pursuant to Practice Book § 41-8(5) and (9),[1] moves to dismiss the charges against him. Specifically, the defendant contends that recently discovered statements made by the state's key witness, Josephine Lee, in which she states that she has lied about the case, renders further prosecution of the defendant unwarranted.
The court notes for the record that Practice Book § 41-9 provides: "No defendant who is charged with a crime punishable by death or life imprisonment for which probable cause has been found at a preliminary hearing pursuant to General Statutes § 54-46a or who has been arrested pursuant to a warrant may make a motion under subdivision (5) or (9) of Section 41-8." Because the defendant was arrested based on a valid warrant issued upon probable cause, and because the court finds that sufficient cause has existed, and still exists, regardless of the subsequent inconsistent statements made by Ms. Lee, the court concludes that the defendant's motion to dismiss is procedurally improper. See State v. Dillis, 19 Conn. App. 495, 503, 563 A.2d 733
(1989) ("where Practice Book § 816 [now § 41-8] is invoked, the insufficient cause prong of the statute is an inappropriate basis for dismissal of an information preceded by an arrest warrant.")
The statements that the defendant refers to are contained in a letter that was sent in December of 1999 by Ms. Lee to her attorney. The history relevant to the court's consideration may be found from the record, and in particular, from the court's memorandum of decision. See Memorandum of Decision Re: Attorney Client Privilege dated February 18, 2000. In that ruling, the court determined that the statements were not discoverable by the defendant, despite inadvertent disclosure, due to the attorney client privilege. Since that ruling, however, the court has unsealed the document because Ms. Lee subsequently waived her privilege to keep the material confidential. See Court Exhibit # 6.
The defendant claims that statements made within the letter disclose that this prosecution is no longer founded upon probable cause. The defendant argues that since this prosecution is based CT Page 4825 primarily upon the statements given by Ms. Lee, her assertions in the letter that she has lied about the case removes it from further prosecution. The court finds, after examination of the letter, the arrest warrant, and Ms. Lee's deposition, that this prosecution is founded upon probable cause. As a threshold matter, "[p]robable cause is determined by objectively considering what is known to the state at the time a warrant is presented to a magistrate; it does not require the accuracy presented by hindsight. Inherent in the concept of probable case is that the factual basis of a warrant may be inaccurate. The factual basis for probable cause should be truthful in the sense that the information put forth is to be believed or appropriately accepted by the affiant as true. . . . [It] does not mean truthful in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily.
"This does not mean, however, that probable cause lacks substance. Probable cause means more than mere suspicion. There must be facts and circumstances within the officer's knowledge, and of which he has trustworthy information, sufficient to justify the belief of a reasonable person that an offense has been or is being committed. . . ." (Citations omitted; internal quotation marks omitted.) State v.Glenn, 251 Conn. 567, 576-77, 740 A.2d 856 (1999).
The court finds that the statements made by the affiant in the arrest warrant in this case were based on sufficient information as it was known at the time the warrant was issued. See State v. Glenn,
supra, 251 Conn. 576. Moreover, the court finds that the subsequent statements made by Ms. Lee in her letter and in her deposition, when taken as a whole, do not remove probable cause for this prosecution. It will be the function of counsel to develop these inconsistencies at trial, and it will be for the jury to determine which statement, if any, to accept. See State v. Whelan, 200 Conn. 743, 750,513 A.2d 86, cert. denied, 479 U.S. 994 (1986). Indeed, just because a witness states that something is untrue does not necessarily mean that it is untrue.
Despite the inconsistencies in statements made by Ms. Lee, the court finds that probable cause existed at the time of the issuance of the warrant, and that sufficient cause for prosecution has existed since the warrant was issued. Accordingly, the defendant's motion to dismiss is denied. CT Page 4826
FORD, JUDGE.