[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: REQUEST FOR FRANKS HEARING
 I
The defendant, Edward P. Smith, Jr., requested an evidentiary hearing pursuant to the fourth and fourteenth amendments to the United States constitution, article first, § 7 of the Connecticut constitution, and the doctrine of Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674,57 L.Ed.2d 667 (1978) on the grounds that the affidavit in support of the arrest warrant contained omissions that were material to the finding of proable cause. On December 15, 2000, the Court heard the defendant's offer of proof in support of his request.
 II CT Page 3132-dv Facts
On August 29, 2000, Detective Mark Maisano of the Connecticut State Police Department, applied for a warrant for the arrest of the defendant, Edward P. Smith Jr, for unlawfully removing the records of the person of E.G. (confidentiality established pursuant to C.G.S. § 19-498 or, § 52-146e), a resident of Southbury Training School, from Southbury Training School in violation of C.G.S. § 53-153.[1] On August 30, 2000, the Honorable Richard A. Damiani found that the affidavit in support of the arrest warrant established probable cause to believe that an offense had been committed and that the accused had committed it.
 III Law
In order for a court to grant an evidentiary hearing, pursuant toFranks v. Delaware, supra, 438 U.S. 155-56, the defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard of the truth, was included by the affiant in the warrant affidavit. If such a statement exists, and "if the allegedly false statement is necessary to the finding of probable cause, the fourth amendment [then] requires that a hearing be held at the defendant's request." Id. "[T]he truth of an affidavit supporting a search warrant may be challenged at an evidentiary hearing when a satisfactory preliminary showing of deliberate falsity or reckless disregard of the truth on the part of the affiant has been made." Statev. Glenn, 251 Conn. 567, 570-71, 740 A.2d 856 (1999). In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."Franks v. Delaware, supra, 438 U.S. 155-56. This holding applies to arrest warrants as well. State v. Bergin, 214 Conn. 657, 666 n. 8,574 A.2d 164 (1990). A Franks violation "does not deprive the court of jurisdiction nor does it bar a subsequent prosecution or void a resulting conviction." State v. Patterson, 213 Conn. 708, 716, 570 A.2d 174
(1990).
"When reviewing whether a Franks hearing is warranted, we recognize CT Page 3132-dw that there is a longstanding rule that there is an underlying presumption of validity with respect to the affidavit supporting a warrant. . . ." (Citations omitted; internal quotation marks omitted.) State v. Bergin, supra, 214 Conn. 666; see State v. Salvatore, 57 Conn. App. 396, 402,749 A.2d 71, cert. denied, 253 Conn. 921, 755 A.2d 216 (2000). "Although the Franks decision referred only to false statements in the affidavit, [Connecticut has] held that material omissions from such an affidavit also fall within the rule. . . . Not all omissions, however, even if intentional, will invalidate an affidavit. . . . In fact, an affiant may omit facts that he believes to be either immaterial or unsubstantiated. . . . Thus, before a defendant is entitled to aFranks hearing for an alleged omission, he must make the substantial preliminary showing that the information was (1) omitted with the intent to make, or in reckless disregard of whether it made, the affidavit misleading to the issuing judge, and (2) material to the determination of probable cause. . . . Even if the affiant picks and chooses the information that he includes in the affidavit, there is no Franks violation if, had the magistrate been so advised, he still would have been justified in issuing the warrant. . . ." (Citations omitted; internal quotation marks omitted.)State v. Bergin, supra, 214 Conn. 666-67.
"To mandate an evidentiary hearing, the challengers attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient." Franks v. Delaware, supra,438 U.S. 171; see also State v. Bergin, supra, 214 Conn. 671 (finding that only if the court concludes that the addition of the challenged material defeats probable cause is the defendant entitled to an evidentiary hearing.)
In the case before the Court, the defendant argues that he is entitled to a Franks hearing because information was omitted from the affidavit that is material to a finding of probable cause. Specifically, the defendants points to information known to the affiant demonstrating that the defendant failed to act "corruptly," which is an element of the charged offense. First, the defendant argues that the affidavit omitted "that the investigators were supplied with a letter from the team of CT Page 3132-dx professionals responsible for the treatment plan of the subject individual recommending against his placement in the community." This letter, which was presented to the Court at the December 15, 2000 hearing, contains statements from professionals responsible for the care and treatment of E.G. regarding their recommendations against moving E.G. from Southbury Training School to a group home in Farmington, Connecticut. The defendant argues that "[t]his information is material in that C.G.S. § 53-153
requires the accused to act `corruptly'" because it proves that the defendant's actions were not corrupt but rather were supported by the recommendations of professionals responsible for E.G.'s care. After a thorough review of the affidavit in support of the arrest warrant, the defendant's affidavit, did however, contain information that some staff members of the Southbury Training School were concerned about placing E.G. in the group home and some were openly against the move.
Additionally, the defendant has failed to make a showing that this omission was done with the intent to make, or in reckless disregard of whether it made, the affidavit misleading to the issuing judge. State v.Bergin, supra, 214 Conn. 666-67. Furthermore, the defendant has failed to make a substantial preliminary showing that this fact is material to the probable cause determination and, if included, would have defeated probable cause to arrest. The defendant's argument is merely conclusory.
At the December 15, 2000 hearing, the defendant requested that the Court also allow testimony of Detective Mark Maisano, the arresting police officer, to establish a preliminary showing for a Franks hearing. The Court denied this specific request because the defendant failed to make an offer of proof and therefore was not entitled to an evidentiary hearing. State v. Glenn, supra, 47 Conn. App. 708. The defendant, instead, attempted to begin an evidentiary hearing in order to establish the basis for his offer of proof and the need for a full evidentiary hearing under the doctrine of Franks v. Delaware, supra, 438 U.S. 155-56. The defendant's attack on a probable cause finding must be supported by more than a mere desire to cross-examine. Id., 171.
The Court finds that the defendant has not established the requirement for a Franks evidentiary hearing. Therefore, for the foregoing reasons, the Court denies the defendant's request for a full evidentiary hearing pursuant to Franks v. Delaware, supra, 438 U.S. 155-56.
FRANK M. D'ADDABBO, JR., J.